UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LONNIE LAMONT GRIFFIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 09-1517 (RJL) |
| EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS *et al.*, | ) ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION
March 3/, 2011

In this action brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff challenges the responses of the Executive Office for United States Attorneys ("EOUSA"), the United States Marshals Service ("USMS") and the United States Citizenship and Immigration Services ("USCIS") to his FOIA requests.[1] By Order of July 26, 2010 [Dkt. No. 31], the Court denied the USMS' motion for summary judgment and directed it to supplement the record with regard to its invocation of FOIA exemption 7(C). *See* accompanying Memorandum Opinion ("Mem. Op.") [Dkt. No. 30] at 5-6. The claims against all other defendants to this action have been resolved in defendants' favor. *See id.* (granting the USCIS' motion for summary judgment); Order of December 13, 2010 (granting EOUSA's motion for summary judgment as conceded).

In what remains of this case, the USMS has renewed its motion to dismiss or for summary judgment [Dkt. No. 36], which plaintiff has opposed [Dkt. No. 39]. Based on the

---

[1] In the amended complaint filed on September 8, 2009, plaintiff properly names as defendants the Department of Justice ("DOJ"), of which the EOUSA and the USMS are components, and the Department of Homeland Security, of which the USCIS is a component.

parties' submissions and the relevant parts of the record, the Court will grant the USMS' motion for summary judgment.[2]

## BACKGROUND

The facts relevant to the pending motion are as follows. On May 7, 2008, plaintiff requested records in his name, "records relating to the Fugitive Arrest Warrant(s) issued for an individual under the name: Diego Alonzo de Pablos-Soto," and "records relating to the transfer . . . of an individual under the name: Antonio Palacio Calle." He stated that "[i]t appears that these two names relate to one individual." USMS' First Mot. to Dismiss or, in the Alternative, for Summ. J., Declaration of William E. Bordley ("Bordley Decl.") [Dkt. # 22-1], Ex. A. On July 9, 2008, the USMS released to plaintiff 19 of 20 pages pertaining to him and informed plaintiff that one page was referred to the agency from which it originated "for disclosure determination and direct response to you[.]" *Id.*, Ex. C. (The Bureau of Prisons released the referred document in its entirety in September 2008. *Id.*, Ex. D.) The USMS further informed plaintiff that it had redacted third-party identifying information from the released pages pursuant to FOIA exemption 7(C), *see* 5 U.S.C. § 552(b), and was denying his request for third-party records under exemption 7(C) in the absence of "a written authorized release" from the subjects of those records. Bordley Decl., Ex. C. In response to plaintiff's appeal of the denial of his request for third-party records, DOJ's Office of Information and Privacy ("OIP") affirmed the USMS' decision by letter of October 30, 2008. *Id.*, Ex. F.[3]

---

[2] Also pending is the USMS' motion to strike plaintiff's surreply or for leave to respond to it. Because the Court will consider plaintiff's surreply and defendant's response thereto, it will deny the motion to strike as moot.

[3] In what is likely an oversight, the OIP states in the determination letter that it is "affirming the FBI's action . . . ." It is clear from the reference numbers and the description of the appeal that the OIP was affirming the USMS' action.

2

In response to this Court's ruling, the USMS searched its "electronic records for records responsive to plaintiff's request regarding Pablos-Soto AKA Calle using the variations of the names as search terms." Supplemental Declaration of William E. Bordley ("Supp. Bordley Decl.") [Dkt. No. 36-4] ¶ 4.[4] It located six responsive pages "consisting of Calle's 'USM-129 Individual Custody/Detention Report'." *Id.* ¶ 7. Inquiries to USMS offices in the District of Massachusetts, the Eastern District of Michigan and the Southern District of Georgia, identified as the most likely places to contain responsive records, located no other responsive records. *See id.* at ¶¶ 7-9. The USMS released the six form pages with all information pertaining to Calle redacted. *See id.*, Ex. B (*Vaughn* index and redacted pages).[5]

## DISCUSSION

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law." FED. R.

---

[4] Plaintiff argues that Bordley's supplemental declaration fails to satisfy the "personal knowledge" requirement of Fed. R. Civ. P. 56(c)(4). *See* Pl.'s Supp. Mem. of P. & A. in Opp'n to Def. USMS' Mot. to Dismiss or, in the Alternative, for Summ. J. at 10-12. "A declarant in a FOIA case satisfies the personal knowledge requirement in Rule 56(e) [now (c)] if in his declaration, he attests to his personal knowledge of the procedures used in handling a FOIA request and his familiarity with the documents in question." *Barnard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 138 (D.D.C. 2008) (citations and internal alterations and quotation marks omitted). *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir.1991) (citing *Meeropol v. Meese*, 790 F.2d 942, 951 (D.C. Cir. 1986)) (determining that the person in charge of a search is "the most appropriate person to provide a comprehensive affidavit"). Bordley is the USMS' Associate General Counsel and FOIA/Privacy Act Officer, "experienced with the procedures for responding to [FOIA] requests . . . for information maintained in the records and files of the USMS." Supp. Bordley Decl. ¶ 1. The subsequent search and release of records were "conducted" by his staff at his direction. *Id.* ¶ 4; *see* Second Suppl. Decl. of William E. Bordley [Dkt. No. 42-1] ¶ 2 (stating that he "personally oversaw the search for records in response to Plaintiff's FOIA request . . . ."). The Court finds that Boardley is competent to testify to the matters at hand.

[5] Because the generic information, *i.e.*, section headings and standard language, was not redacted from the released forms, the *Vaughn* index incorrectly describes the withholdings as "in full."

3

CIV. P. 56(a). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In a FOIA action, the Court may award summary judgment to an agency solely on the basis of information provided in declarations that describe "the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Because agency declarations are accorded "a presumption of good faith," *Long v. U.S. Dep't of Justice*, 450 F. Supp.2d 42, 54 (D.D.C. 2006), it is incumbent upon the plaintiff to "point to evidence sufficient to put the Agency's good faith into doubt." *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981).

1. Exemption 7(C).

The USMS argues that it properly withheld records pertaining to "Diego Alonzo de Pablos-Soto and/or Antonio Palacio Calle" ("Calle") under exemption 7(C). *See* Mem. of P. & A. in Support of Def. USMS' Renewed Mot. to Dismiss or, in the Alternative, for Summ. J. at 9-16. FOIA exemption 7(C) protects from disclosure information compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The Court initially determined that plaintiff had raised a genuine issue as to whether the requested records were compiled for law enforcement purposes. *See* Mem. Op. at 5-6. In his supplemental declaration, Bordley states that Calle was placed in the USMS' custody following his arrest by the Drug Enforcement Administration in the District of Massachusetts on June 12, 1989. Supp. Bordley Decl. ¶ 10. He

4

further states that the responsive records "were compiled in the course of enforcement of the USMS responsibilities with respect to the housing, transportation and safekeeping of federal prisoners." *Id.* Given that the requested records would have been compiled to "assist the USMS in carrying out its statutory law enforcement responsibilities related to the execution of federal arrest warrants[,] the investigation of fugitives, [and] the [transport and maintenance] of federal prisoners from . . . their arrest [to final disposition]," *id.* ¶ 6, the Court finds the threshold law enforcement requirement of exemption 7 satisfied. *See Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 32 (D.C. Cir. 1998) ("Because the FBI specializes in law enforcement, its decision to invoke exemption 7 is entitled to deference.") (citation omitted); *Jiminez v. FBI*, 938 F. Supp. 21, 29 (D.D.C. 1996) (finding documents containing information "in connection with the receipt, processing, safekeeping, and transportation of plaintiff while he was in the USMS's custody" satisfied exemption 7's threshold law enforcement purpose).

Plaintiff had not provided Calle's consent or authorization to release his records. Supp. Bordley Decl. ¶ 12. Therefore, the USMS redacted all of Calle's personal information from the released forms, asserting that the disclosure of such information could subject him "to unwarranted public attention, embarrassment, harassment, and annoyance of being associated with a criminal law enforcement matter." Supp. Bordley Decl. ¶ 10. In addition to names and other identifying information, the redacted personal information included the individual's custody status and history, arrest information and case dispositions. *See Vaughn* index. For the reasons Bordley has stated, third-party information contained in law enforcement files is "categorically exempt" from disclosure under exemption 7(C) in the absence of an overriding public interest in its disclosure. *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995).

5

In order to demonstrate a public interest warranting disclosure of the otherwise protected information, plaintiff must show that the withheld information is necessary to "shed any light on the [unlawful] conduct of any Government agency or official." *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 772-73 (1989); accord *SafeCard Services, Inc., v. SEC*, 926 F.2d 1197, 1206 (D.C. Cir. 1991). "Where the privacy concerns addressed by [e]xemption 7(C) are present, . . . [the requester] must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake [and that] . . . the information is likely to advance that interest." *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004). In making such a showing, plaintiff must assert "more than a bare suspicion" of official misconduct. *Id.* at 174. He "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id.* Otherwise, the balancing requirement does not come into play. *See id.* at 175.

Plaintiff asserts that "[t]he public has an interest in knowing what [] the USMS [was] up to when, absent a court order, [it] released Pablos Soto . . . from USMS custody after the Federal district court explicitly remanded him to USMS custody without bail." Pl.'s Mem. of P. & A. in Support of Pl.'s Mot. for Leave to Invoke Public Interest Exception [Dkt. No. 25] at 11. He also asserts that "the public has an interest in knowing how often, and at who's [sic] discretion the USMS improperly releases illegal aliens, and whether the USMS coordinates such release with other Government agencies . . . ." *Id.* Finally, plaintiff asserts that "the sought after records are needed to confirm or refute Plaintiff's evidence." *Id.* at 13. Plaintiff's unsubstantiated claim of official misconduct is belied by his acknowledgment that the USMS in October 1986 and January 1988 informed the "the Savannah district court . . . that Pablos Soto was a fugitive from

justice," *id.* at 8, and the public interest in disclosure "does not include helping an individual obtain information for his personal use." *Oguaju v. U.S.*, 288 F.3d 448, 450 (D.C. Cir. 2002), *vacated and remanded on other grounds*, 541 U.S. 970 (2004), *reinstated*, 378 F.3d 1115 (D.C. Cir. 2004) (citation omitted).

In the absence of any evidence establishing a public interest in disclosure of the third-party information, the Court has nothing to weigh against the substantial privacy interests at stake. It therefore finds that the USMS is entitled to summary judgment on its application of exemption 7(C) to the third-party's personal information that was redacted from the released forms.

2. Adequacy of the Search

Plaintiff argues that the USMS' subsequent search for third-party records was inadequate because it failed to include the Middle District of Georgia. Pl.'s Supp. Mem. of P. & A. in Opp'n to Def. USMS' Mot. to Dismiss or, in the Alternative, for Summ. J. ("Pl.'s Supp. Mem.") [Dkt. No. 39] at 5-6. The agency to which a FOIA request is submitted is required "to make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Int'l Trade Overseas, Inc. v. Agency for Intern. Dev.*, 688 F. Supp. 33, 36 (D.D.C. 1988) (quoting *Marrera v. Dep't of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)) (other citations omitted). In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Id.* (citing *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring

that all files likely to contain responsive materials (if such records exist) were searched."

*Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (citing *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)). "Once the agency has shown that its search was reasonable, the burden shifts to [the plaintiff] to rebut [the defendant's] evidence by a showing that the search was not conducted in good faith." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985)). Summary judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search. *Valencia-Lucena*, 180 F.3d at 326 (citing *Founding Church of Scientology v. Nat'l Security Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)).

Plaintiff points to an order dated October 22, 1992, that purportedly was issued in a deportation proceeding in Oakdale, Louisiana. Pl.'s Mot. for Leave to Submit Matters Outside the Pleadings, Ex. N (Order of the Immigration Judge) [Dkt. # 15-1]. But the document is not reliable because, among its many deficiencies, it is not authenticated and it fails to establish the hand-written named respondent, "F-Palacio-Calle, Antonio," as the same individual who is the subject of plaintiff's FOIA request. Furthermore, plaintiff cites this exhibit as "countervailing evidence that . . . Pablos Soto was remanded to the custody of the USMS on September 27, 1985 in the Middle District of Georgia," Pl.'s Supp. Mem. at 5, but the exhibit contains no such information and Oakdale, Louisiana, is located in the Western District of Louisiana. Plaintiff's speculation that records may be found in locations not searched fails to create a genuine dispute about the reasonableness of the USMS' search.

Plaintiff requested "records relating to the Fugitive Arrest Warrant(s) issued for an individual under the name: Diego Alonzo de Pablos-Soto" and "records relating to the transfer . . . of an individual under the name: Antonio Palacio Calle . . . . [that] appear[ed] . . . [to] relate to one individual." Bordley Decl., Ex. A at 2. Using variations of those two names, the USMS searched the electronic indices of its Prisoner Processing and Population Management/Prisoner Tracking System ("PPM/PTS") and Warrant Information Network ("WIN") and determined that "records regarding this individual would be located in the District of Massachusetts and the Eastern District of Michigan."[6] Supp. Bordley Decl. ¶ 7. It located six responsive pages "consisting of Calle's 'USM-129 Individual Custody/Detention Report'," but located no records for Pablos-Soto. *Id.* The USMS then contacted the FOIA liaisons in the District of Massachusetts and the Eastern District of Michigan "to determine whether those Districts maintained any additional records for Pablos-Soto/Calle." *Id.* ¶ 8.

Following searches in the foregoing districts "using the name and identifiers for Antonio Palacio Calle," and where available, the "accession number believed to correspond to the retirement of records" to the Federal Records Center, it was determined that any records, "other than the electronic records, would have been destroyed in accordance with the ten year prescribed records retention period for USMS prisoner records."[7] *Id.* ¶ 9 & Ex. A at 3 (72 Fed. Reg. 33521

---

[6] "The USMS maintains an electronic index . . . of individuals for whom federal warrants were issued and individuals who were in USMS custody in its [PPM/PTS and WIN] systems of records." Supp. Bordley Decl. ¶ 5. Those record systems "cover[]" the decentralized files maintained by each of the USMS's 94 district offices. *Id.*

[7] Given that the requested records presumably would have been created in June 1989 when Calle was arrested, or at the latest in January 1991 when his consent to transfer form was filed in the Southern District of Georgia [Dkt. No. 15-1, Pl.'s Ex. M] , the USMS reasonably concluded after its search in 2010 that any responsive records were destroyed pursuant to the
(continued...)

(June 18, 2007)) ("Retention and Disposal"). In addition, utilizing the information plaintiff had provided in the aforementioned public interest memorandum filed in this case, the USMS liaison in the Southern District of Georgia conducted a search but "failed to locate any records, electronic or paper, pertaining to Pablos-Soto/Calle." *Id.* ¶ 9. Bordley concludes that "[e]ach of the Districts' searches encompassed records that would reasonably contain responsive information." *Id.* Plaintiff suggests that the USMS overlooked record systems, "including, but not limited to, 'JPATS,' USMS' Justice Prisoner and Alien Transportation System." Pl.'s Supp. Mem. at 12. But the JPATS records are included in the PPM/PTS and WIN record systems that were searched. Second Supp. Decl. of William E. Bordley [Dkt. No. 42-1] ¶ 4.

Based on the USMS's declarations, the Court finds that the USMS conducted searches reasonably calculated to locate responsive records. In the absence of any contrary evidence or evidence of bad faith, the Court concludes that the USMS is entitled to summary judgment on the search question.

## CONCLUSION

For the foregoing reasons, the Court finds that the record presents no genuine issue of material fact on the propriety of the USMS's invocation of FOIA exemption 7(C) and the adequacy of its search. Therefore, the USMS, having satisfied its disclosure obligations under the FOIA, is entitled to judgment as a matter of law. A separate, final order accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[7](...continued)
record retention schedule – and could reasonably have reached the same conclusion had it conducted a search in 2008 when it first received plaintiff's FOIA request.